UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-28-06

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

MARK P. ABIDE,

                Defendant.

06 CV 5660

Civ. No. __-____ (__)

**FINAL JUDGMENT AS TO DEFENDANT MARK P. ABIDE**

Plaintiff Securities and Exchange Commission having filed a Complaint and Defendant Mark P. Abide ("Defendant") having entered a general appearance; Defendant, in the attached Consent of Mark P. Abide ("Consent"), having consented to the Court's jurisdiction over Defendant and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails,

directly or indirectly:

    (A)    to employ any device, scheme, or artifice to defraud;

    (B)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (C)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (A)    to employ any device, scheme, or artifice to defraud;

    (B)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(C)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1], by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1 and 240.13a-13] by any issuer of a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)], by:

(A)  filing or causing to be filed with the Securities and Exchange Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed; or

(B)  failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(C)  failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles (GAAP) or any other criteria applicable to such statements and (b) to maintain accountability for assets; (3) access to assets is permitted only in accordance with management's general or specific authorization; and (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $57,947.22, representing losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $12,912.20, and a civil penalty in the amount of $57,947.22 pursuant to Section 21A(a) of the Exchange Act [15 U.S.C. §78u-1(a)]. Defendant shall satisfy this obligation by paying $128,806.64 within ten business days to the WorldCom Victim Trust, c/o Richard Breeden, Distribution Agent, Attn: Linda Hudson, 100 Northfield Street, Greenwich, Connecticut 06830. The WorldCom Victim Trust was established by the Court in SEC v. WorldCom, Civ. No. 02-4963 (JSR) (S.D.N.Y.), pursuant to Section 308 of the Sarbanes-Oxley Act of 2002. Along with payment described above, Defendant shall send the WorldCom Victim Trust a cover letter identifying Mark P. Abide as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. Upon receipt of Defendant's payment, the Distribution Agent for the WorldCom Victim Trust, shall provide Defendant's and Commission's counsel confirmation of such receipt. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. Pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, the funds paid by Defendant are now part of the WorldCom Victim Trust, previously created in SEC v. WorldCom and administered by Mr. Breeden.

Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: ~~July~~ 9/27, 2006
New York, New York

_____
JED S. RAKOFF
U.S.D.J.

Copies to:

Christopher B. Mead, Esq.
London & Mead
1225 Nineteenth Street, N.W., Suite 320
Washington, DC  20036
Telephone: (202) 331-3334
Facsimile: (202) 785-4280

Arthur S. Lowry, Esq.
U.S. Securities and Exchange Commission
100 F St., N.E.
Washington, D.C. 20549-4030
Telephone: (202) 551-4918
Facsimile: (202) 772-9245